UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>**ISAAC HALWANI** and **GISELLE HALWANI**, and **274 ATLANTIC ISLES LLC**,<br>　　Debtors.<br>_____/<br>**VALERIE KABRITA** and **JUAN PABLO VERDIQUIO**,<br>　　Plaintiffs,<br>v.<br>**MARCIA T DUNN, AS TRUSTEE FOR THE ESTATE OF ISAAC HALWANI** and **GISELLE HALWANI**, *et. al.*,<br>　　Defendants.<br>_____/ | Case No. 22-14959-LMI (Chapter 7)<br>Case No. 22-14810-LMI (Chapter 11)<br><br>*Jointly Administered* at Case No. 22-14959-LMI<br><br>Adv. Case No. 24-01005-LMI |

## **AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Juan Pablo Verdiquio ("**Verdiquio**") and Valerie Kabrita ("**Kabrita**") (collectively "**Owners**") sue the defendants, Marcia T Dunn as Trustee for the Estate ("**Trustee**") and the debtors, Isaac Halwani ("**Isaac**"), Giselle Halwani ("**Giselle,**" and with Isaac, "**Debtors**"), and 274 Atlantic Isles LLC ("**274 Atlantic**"), nominally, for declaratory relief regarding Debtors' lack of interest in 274 Atlantic. In support, Verdiquio and Kabrita state as follows:

### JURISDICTION

1.　　This is an action for the Court to determine Debtors' interest – or lack thereof – in 274 Atlantic.

Case No. 22-14959-LMI<br>Case No. 22-14810-LMI

2. The Debtors commenced their bankruptcy under Chapter 11 of the Bankruptcy Code on June 27, 2022. The Court converted the bankruptcy to a Chapter 7 bankruptcy on December 5, 2023.

3. Under Chapter 7, Debtors' legal and equitable interests in all property, including their alleged interests in 274 Atlantic, belong to the Debtors' estate (the "Estate").

4. On December 5, 2023, Trustee was appointed Estate trustee.

5. Debtors claim they are the sole members of 274 Atlantic and own 100 percent of its interest.

6. Kabrita is the sole member of 274 Atlantic.

7. On June 22, 2022, 274 Atlantic petitioned the Court for bankruptcy protection. Isaac signed the petition on behalf of 274 Atlantic.

8. 274 Atlantic's and Debtors' bankruptcies are jointly administered.

9. This proceeding is a civil proceeding arising under Title 11 of the United States Code, or arising in a case under Title 11 of the United States Code, and thus, the District Court for this federal district has jurisdiction of this proceeding under 28 U.S.C. § 1334(b).

10. This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157.

11. The venue of this proceeding is properly before this Court under 28 U.S.C. § 1409(a).

<u>GENERAL ALLEGATIONS</u>

12. 274 Atlantic is a single member limited liability company formed under Delaware law on or about January 11, 2016.

13. 274 Atlantic was formed solely to acquire and hold the property located at 274 Atlantic Isles, Sunny Isles Beach, Florida (the "**Property**").

14. 274 Atlantic purchased the Property on January 22, 2016.

15. Kabrita and her father-in-law, Nader Zantout ("**Nader**"[1]), funded the purchase.

16. 274 Atlantic is governed by an operating agreement (the "**Operating Agreement**") that has not been amended or replaced since 274 Atlantic was formed.

17. Kabrita initially appointed Nader as manager for 274 Atlantic.

18. Nader accepted the position and, as manager, executed the closing documents for 274 Atlantic to acquire the Property.

19. After 274 Atlantic purchased the Property, Nader resigned as manager because he resides overseas.

20. Kabrita accepted Nader's resignation and appointed Verdiquio as 274 Atlantic's new manager.

21. Verdiquio accepted his appointment as manager because it would be easier for Verdiquio to handle and oversee the construction of a residence on the Property.

22. As manager, Verdiquio hired a construction company and invested approximately $1.5 million to build the residence. Owners agreed that once they sold the Property, Verdiquio would receive a portion of the proceeds.

23. Since his appointment, Verdiquio has remained manager of 274 Atlantic.

24. No individual besides Nader and Verdiquio have served as 274 Atlantic's manager.

25. Before 274 Atlantic's formation, both Verdiquio and Kabrita's husband, Rani Zantout ("**Rani**"), engaged in various business transactions with Isaac.

26. While construction on the Property was underway, Isaac requested to live at the Property and promised to pay rent to 274 Atlantic while he resided there.

---

[1] Because multiple Zantouts – Rani and his father, Nader – appear throughout this motion, Owners refer to them by their first name to avoid confusion.

Case No. 22-14959-LMI
Case No. 22-14810-LMI

27. Isaac represented that he would take out a loan to purchase the Property from 274 Atlantic.

28. Isaac did not pay rent to 274 Atlantic or any other individual or entity.

29. In early 2021, Isaac represented to Rani that Isaac had found a lender to fund Issac's purchase of the Property.

30. In mid-2021, 274 Atlantic, through Verdiquio, sought to sell the Property because Isaac failed to pay rent or purchase the Property. Verdiquio hired Jeffrey Tomlinson from the Tomlinson Realty Group to list the Property.

31. Tomlinson informed Verdiquio that he was unable to list and sell the Property because Eric R. Schwartz, as Trustee UTA,[2] dated 3/4/2019 (the "**Trust**") was the owner according to public records.

32. Neither Kabrita, as the sole member of 274 Atlantic, nor Verdiquio, as the manager of 274 Atlantic, sold the Property or authorized transferring the Property.

33. Isaac executed mortgages, promissory notes, guaranties, and a deed in lieu of foreclosure on behalf of 274 Atlantic without consent or permission from Kabrita or Verdiquio.

34. On June 27, 2022, Isaac and 274 Atlantic filed for Chapter 11 Bankruptcy.

35. In 274 Atlantic's Bankruptcy, Isaac identified himself as the member and manager of 274 Atlantic. [Case No. 22-BK-14810-LMI ECF 1 at 4 ¶ 17; Case No. 22-BK-14810-LMI ECF 7 at 2 ¶ 6.]

36. Neither Isaac nor Giselle has ever been a member of 274 Atlantic.

37. Isaac has never been a manager of 274 Atlantic.

---

[2] Brian M. Gaines has since replaced Schwartz as Trustee UTA.

Case No. 22-14959-LMI<br>Case No. 22-14810-LMI

**COUNT I**
**ACTION FOR DECLARATORY JUDGMENT**
**(Membership Interest-Isaac Halwani)**

38.  Owners incorporate by reference the facts alleged in paragraphs 1-37 as though fully set forth herein.

39.  This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201(a), et seq.

40.  Owners request that this Court declare the Debtors' rights and interests – or lack thereof – in 274 Atlantic (the "**Dispute**").

41.  Isaac Halwani is not a member of 274 Atlantic, and Halwani is not the manager of 274 Atlantic.

42.  Owners and Debtors have actual and adversarial interests in the Dispute.

43.  This is a substantial and present controversy that requires this Court's declaration of the rights in this Dispute.

44.  The matters which Owners seek the Court's declaration of rights is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45.  Owners seek this Court's declaration that Isaac Halwani holds no membership interest in or to 274 Atlantic Isles LLC.

WHEREFORE, Valerie Kabrita and Juan Pablo Verdiquio respectfully request that this Court enter a judgment declaring Isaac Halwani is not and has never been a member of 274 Atlantic Isles LLC, and has no interest in 274 Atlantic Isles LLC, and grant such other and further relief as this Court deems proper.

**COUNT II**
**ACTION FOR DECLARATORY JUDGMENT**
**(Membership Interest-Giselle Halwani)**

46.  Owners incorporate by reference the facts alleged in paragraphs 1-37 as though fully set forth herein.

5

Case No. 22-14959-LMI<br>Case No. 22-14810-LMI

47. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201(a), <u>et seq</u>.

48. Owners request that this Court declare the Debtors' rights and interests – or lack thereof – in 274 Atlantic (the "**Dispute**").

49. Giselle Halwani is not a member of 274 Atlantic.

50. Owners and Debtors have actual and adversarial interests in the Dispute.

51. This is a substantial and present controversy that requires this Court's declaration of the rights in this Dispute.

52. The matters which Owners seek the Court's declaration of rights is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

53. Owners seek this Court's declaration that Giselle Halwani holds no membership interest in or to 274 Atlantic Isles LLC.

WHEREFORE, Valerie Kabrita and Juan Pablo Verdiquio respectfully request that this Court enter a judgment declaring Giselle Halwani is not and has never been a member of 274 Atlantic Isles LLC, and has no interest in 274 Atlantic Isles LLC, and grant such other and further relief as this Court deems proper.

**COUNT III**
**<u>ACTION FOR DECLARATORY JUDGMENT</u>**
**(Manager-Isaac Halwani)**

54. Owners incorporate by reference the facts alleged in paragraphs 1-37 as though fully set forth herein.

55. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201(a), <u>et seq</u>.

56. Specifically, the Owners request that this Court declare the Debtors' rights and interests – or lack thereof – in 274 Atlantic (the "**Dispute**").

Case No. 22-14959-LMI
Case No. 22-14810-LMI

57. Kabrita, as the true member of 274 Atlantic, and Verdiquio, as the true manager of 274 Atlantic, dispute Isaac's representation and assertion that he is the manager of 274 Atlantic. Thus, Owners and Debtors have actual and adversarial interests in the Dispute.

58. This is a substantial and present controversy that requires this Court's declaration of the rights in this Dispute.

59. The bankruptcy of 274 Atlantic cannot proceed until this Dispute is resolved. Thus, the matters which Owners seek the Court's declaration of rights is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

60. Owners seek this Court's declaration that Isaac Halwani is not and has never been a manager for 274 Atlantic Isles LLC and has no authority to act on its behalf.

WHEREFORE, Valerie Kabrita and Juan Pablo Verdiquio respectfully request that this Court enter a judgment declaring Isaac Halwani is not and has never been a manager for 274 Atlantic Isles LLC and has no authority to act on its behalf, and grant such other and further relief as this Court deems proper.

Respectfully submitted,

BECKER & POLIAKOFF, P.A.
*Attorneys for Juan Pablo Verdiquio and Valerie Kabrita*
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
Tel: (954) 987-7550 | Fax: (954) 985-4176
JPolenberg@beckerlawyers.com
YDaneshfar@beckerlawyers.com
DGoldman@beckerlawyers.com
TFritz@beckerlawyers.com

By:   */s/ Jon Polenberg*
       Jon Polenberg, Esq.
       Florida Bar No. 653306
       Darren Goldman, Esq.
       Florida Bar No. 88638
       Yasin Daneshfar, Esq.
       Florida Bar No. 105092